1  Mark Brnovich
   Attorney General
2  Firm State Bar No. 14000
3  Bradley J. Stevens
   Assistant Attorney General
4  AZ Bar No. 006723
   Office of the Attorney General
5  2005 North Central Avenue
   Phoenix, Arizona 85004-1592
6  Telephone: (602) 542-8389
7  Facsimile: (602) 542-4273
   Email: Bradley.Stevens@azag.gov
8  Attorneys for the State of Arizona
    *ex rel.* Arizona Department of Revenue
9

10              IN THE UNITED STATES BANKRUPTCY COURT

11               IN AND FOR THE DISTRICT OF ARIZONA

12  In re:                                    | Chapter 13

13                                            | Case No. 2:22-bk-07031-DPC

14  ALEXANDRO M MONTOYA,
    SSN:  XXX-XX-5884                         | **OBJECTION TO CONFIRMATION OF**
15                                            | **ORIGINAL CHAPTER 13 PLAN**

16                        Debtor.             | Docket No. 4

17

18         The State of Arizona *ex rel.* Arizona Department of Revenue (the "**Department**")

19  objects to the *Original Chapter 13 Plan* (the "**Plan**") filed by Alexandro M. Montoya (the

20  "**Debtor**") on October 19, 2022 as follows:

21

22      1.  The Department is the agency empowered and entitled to enforce Arizona tax laws and

23  regulations, including but not limited to individual income taxes A.R.S. § 43-208 *et seq*.

24      2.  The Debtor is an individual residing in the State of Arizona and upon information and

25  belief is required to file and pay certain tax liabilities to the Department, including individual

26  income taxes. *See* A.R.S. §§ 43-301, 43-501.

    BCE22-02702

3.   The Department filed a proof of claim establishing a secured claim in the amount of $0.00, a priority claim in the amount of $8,976.22, and a non-priority unsecured claim in the amount of $80.52. A true and accurate copy of the Department's Original Proof of Claim (the "**Claim**") dated October 21, 2022 is No. 1-1 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtor is not current with the filing of all prepetition tax returns. As of today, the following returns remain unfiled (the "**Outstanding Returns**"):

| Income | 2012, 2014 and 2017 through 2019 |
|--------|----------------------------------|
| TPT/WTH | *Not Applicable* |

4.   As indicated in the Department's Claim, the Debtor has failed to file all tax returns as required by 11 U.S.C. § 1308. Failure of the Debtor to file the Outstanding Returns constitutes cause to convert or dismiss the case. *See* 11 U.S.C. § 1307(e), Local Rule of Bankruptcy Procedure 2084-5. Moreover, the Plan cannot be confirmed until such time that the Debtor files the Outstanding Returns. 11 U.S.C. § 1325(a)(9). Signed, dated, and non-redacted copies of the returns with all federal form W-2s and Federal Schedule A, as applicable, may be sent to Elissa.Ruiz@azag.gov, which the Department will accept as filed on the date that complete returns are received by the Attorney General's Office.

5.   The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1).

2

6. The Department's Claim consists of liabilities that were either: (1) filed late and within two years of the current bankruptcy; or (2) filed after the commencement of this bankruptcy. These obligations are non-dischargeable under the "Two Year Rule" and the Department requests that language is included within an order of confirmation to clarify as such. 11 U.S.C. §§ 523(a)(1)(B)(ii), 1328(a)(2), 1322(b)(11), *In re Savaria*, 317 B.R. 395 (B.A.P. 9th Cir. 2004). The Department suggests the following:

> To the extent that the Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Debtor's Plan or through direct payments outside of the Plan, the unpaid balance along with post-petition and post-confirmation interest shall **not** be discharged in accordance with 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328(a).

7. The Department does not waive its right to a confirmation hearing under 11 U.S.C. § 1324(b) and reserves the right to amend, supplement, or withdraw its Objection to Confirmation.

## Conclusion

In order to confirm the Plan, the Debtor must address and remedy the objections specified herein in order to comply with the Bankruptcy Code. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325 and other provisions of the Bankruptcy Code as stated herein, the Plan cannot be confirmed.

## **REQUEST FOR RELIEF**

**WHEREFORE**, the Department prays as follows:

1. That the Court deny confirmation of the proposed Plan, or in the alternative, that the Debtor is ordered to amend or modify the Plan to remedy the Department's objections herein;

2. That the failure of the Debtor to amend or modify the Plan to remedy the

3

Department's objections herein and conform the Plan with the Bankruptcy Code in a reasonable

time, that the Court dismiss or convert this case to a Chapter 7; and

       3.      For such other and further relief as this Court deems proper.

      RESPECTFULLY SUBMITTED this 15th day of December, 2022.

                              MARK BRNOVICH
                              Attorney General

                            _____

                              Bradley J. Stevens
                              Assistant Attorney General
                              Attorney for the State of Arizona
                              *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 15th day of December, 2022 with the
United States Bankruptcy Court District of Arizona
COPY of the foregoing sent by U.S. Mail or by email* this 15th day of December, 2022 to:

Thomas A. McAvity*
Phoenix Fresh Start Bankruptcy Attorneys
4131 Main Street Skokie, IL 60076
documents@phxfreshstart.com
*Attorney for the Debtor*

Russell A. Brown*
Russell Brown, Ch. 13 Trustee
3838 N. Central Avenue, Suite 800 Phoenix, AZ 85012
mail@ch13bk.com
*Chapter 13 Trustee*


_____

Elissa Ruiz

4